UNITED STATES DISTRICT COURT
                            for the
                    District of Eastern Tennessee
                        Greenville Division
                      220 West Depot St, S-200
                       Greenville, TN 37743

Donald E. Gryder,              ) Case No. _____
  Plaintiff,                   )
                               )
                               ) Jury Trial    YES
Elaine Choa,    Secretary,     )
Dept of Transportation, FRA    )
Agency_____)

            COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   The Parties in This Complaint

     A.    The Plaintiff
                 Donald Gryder
                 410 Ferndale Road
                 Johnson City, TN 37604


     B.    The Defendant
                 Elaine Choa
                 Secretary of Transportation
                 1200 New Jersey Ave, SE
                 Washington, DC 20590

     C.    Place of Employment
                 US Dept of Transportation,
                 Federal Railroad Admin (telework from home office
                 at address above)

II.  Basis for Jurisdiction

     This action is brought for discrimination pursuant to:

           X    Title VII of the Civil Right Act of 1964 as
                codified 42 USC 2000e to 2000-17,

           X    Age Discrimination in Employment Act of 1967 as
                codified 29 USC 621 to 634,

           X    Americans with Disabilities Act of 1990 as
                codified 42 USC 12112 to 12117,

                                 1

X    1st Amendment to the US Constitution,

X    5th Amendment of the US Constitution,

X    13th Amendment of the US Constitution, and

X    14th Amendment of the US Constitution

III. Statement of Claim    COUNT I          2005-19018-FRA-02

Starting in 1999 and continuing, Plaintiff began applying for various vacant positions with the agency. Although, he applied under several avenues for several hundred vacancies he was not selected. About September 5, 2003, he initiated EEO contact and filed his formal EEO complaint about February 23, 2005, alleging the agency discriminated against him on the basis of race (Caucasian), national origin (European), sex (male), disability (impaired hearing and limited motion), and reprisal(for prior protected EEO activity) when he was not selected for a single vacancy of the more than 100 separate vacancies he applied.

Although, the OFO has agreed that Plaintiff suffers from the agency discriminatory actions, it has issued multiple and conflicting decisions agreeing Plaintiff is due to pay/back pay, with interest and other benefits pursuant to 29 CFR 1614.501 but then contradicts that issue and fails to enforce that fact.

A.    The discriminatory conduct of which I complain in this action includes:

X    Failure to hire me.

X    Termination of my employment.

2

X      Failure to promote me.

X      Failure to accommodate my disability.

X      Unequal terms and conditions of my employment.

X      Retaliation.

X      Other acts, Denial of my Constitutional rights and privileges.

B.   It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.   I believe defendant(s)

X      is/are still committing these acts against me.

D.   Defendant(s) discriminated against me based on my

X      Race Caucasian

X      Color White

X      Gender/sex Male

X      National Origin European

X      Age in excess of 60

X      Disability or perceived disability Impaired hearing and limited motion

E.   The facts of the case are as follows

Starting in 1999 and continuing, Plaintiff began applying for various positions within the Federal Railroad Administration (FRA). Despite being qualified, applying through numerous avenues and for numerous jobs, he was not selected for a single vacancy resulting in him filing several EEO complaints and MSPB appeals.

With respect to this instant claim, Plaintiff initiated EEO contact on or about September 5, 2003 and filed his formal EEO complaint on February 23, 2005 alleging the agency discriminated against him on the basis stated above.

After lengthy litigation, the EEOC, Office of Federal Operations (OFO) issued a Decision dated December 17, 2015, which states in part, "Complainant is entitled to a finding of reprisal discrimination as to the agency's failure to select him for the GS-13 DRA position in Vancouver, Washington." Further stated in their Conclusion, the OFO stated in part, "by finding that the agency retaliated against Complainant based upon his prior EEO activity when on or about October 25, 2004, it failed to select him for the vacant position of Deputy Regional Administrator(DRA), GS-13, position in Vancouver, Washington.

Included in the Decision was an Order instructing the agency to fully remedy the retaliation by providing:

1-The agency shall offer to reinstate Complainant to the position of Deputy Regional Administrator (DRA), GS-13, position in Vancouver, Washington (or some other mutually agreeable position/location).

2-The agency shall determine the appropriate amount of back pay, with interest and other benefits due Complainant pursuant to 29 CFR 1614.501.

3-The agency shall conduct a supplemental investigation on the

4

issue of Complainant's entitlement to compensatory damages and shall afford him an opportunity to establish a casual relationship between the October 25, 2004 non selection noted above and any pecuniary or non pecuniary losses that the Complainant can prove.

The agency requested reconsideration resulting in a Decision from OFO dated June 5, 2018, which again found, "Complainant is entitled to a finding of reprisal discrimination as to the agency's failure to select him for the GS-13, DRA position in Vancouver, Washington."

The OFO addresses a decision of the Merit Systems Protection Board (MSPB) Decision which will be discussed in a separate claim. In that paragraph, the OFO states, in part, "the agency shall amend its records to reflect that Complainant served in a GS-13 supervisory position between the effective date of his reinstatement following the discriminatory October 25, 2004, non selection and March 26, 2015, with the appropriate pay and benefits."

Their accompanying Order instructed the agency:

1-determine the appropriate amount of back pay, with interest and other benefits due Complainant pursuant to 29 CFR 1614.501.

2-shall conduct a supplemental investigation on the issue of Complainant's entitlement to compensatory damages.

5

Once again, the OFO provides another Decision dated October 11, 2018 in which the agency is again instructed to compensate Plaintiff pursuant to 29 CFR 1614.501, however, it appears the OFO has now reversed it's previous decisions and ordered the agency to begin back pay not at the date of the alleged discrimination of October 25, 2004 but now October 1, 2010, without any explanation.

IV. Exhaustion of Federal Administrative Remedies

    A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct about September 2003.

    B.   The Equal Employment Opportunity Commission

        X   has not issued a Notice of Right to Sue letter because the case is still before the OFO regarding reconsideration

    C.   Only litigates alleging age discrimination must answer this question.

       Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct

        X   60 days or more have elapsed

V. Relief

    Count I       2005-19018-FRA-02

    Plaintiff is due to relief initially found by the OFO pursuant

6

to 29 CFR 1614.501 to include reinstatement in the DRA position in Vancouver, Washington and full monetary relief which was presented to the agency and OFO in the form of an accounting from a CPA, however, it will require updating since those calculations were only correct for the date in time they were submitted. In addition, relief is required in the form of punitive damages and compensatory damages.

III. Statement of Claim    COUNT II    2015-26409-FRA

Although, Plaintiff had prevailed in District Court (1:00-cv-2437)on his retaliatory termination claim resulting in the agency being ordered to reinstate him and provide appropriate benefits, the agency retaliation continued. This particular complaint was filed because Plaintiff was subjected to continual discrimination due to his age, mental and physical disabilities and in retaliation for his participation in prior protected activity which resulted in his termination effective March 26, 2015.

Plaintiff attempted to obtain assistance from every level of agency management in stopping these discriminatory actions but received no assistance. He responded to each and every communication sent to him by e mail, regular mail or FedEx which accused him of a continual and ongoing laundry list of false allegations. However, he later discovered these documents were authored by "ghost" writers and presented to others to sign and

send as if they were the true author. Using this method of deception, Plaintiff was never allowed to present his side of the story to the real decision maker or author.

A.    The discriminatory conduct of which I complain in this action includes:

    X    Termination of my employment.

    X    Failure to accommodate my disability.

    X    Unequal terms and conditions of my employment.

    X    Retaliation.

    X    Other acts, Denial of my Constitutional rights and privileges.

B.    It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.    I believe defendant(s)

    X    is/are still committing these acts against me.

D.    Defendant(s) discriminated against me based on my

    X    Age in excess of 60

    X    Disability or perceived disability Impaired hearing and limited motion (Mental and Physical)

    X    Retaliation

E.    The facts of the case are as follows

Plaintiff sought the ability to file an EEO complaint for the discriminatory action directed toward him and filed an Initial Contact Form April 9, 2015. This form sought to file a complaint

8

on the basis of Physical/Mental Handicap, Age, Reprisal and the items check under the heading of Matter Causing Complaint are, Accommodation, Reassignment, Terms/Conditions of employment, Training, Appointment/Hire, Disciplinary Actions, Evaluation/Appraisal, Assignment of Duties, Duty Hours, Harassment, Retirement, and Time and Attendance. The section containing Allegations, includes the note that a letter from Warren supported continual discrimination when he issued an unfavorable decision based on his discriminatory goals.

The complaint was accepted by the agency when a counselor was assigned to investigate the complaint. The agency alleges no discrimination was discovered and issued a Final Agency Decision indicating this complaint was a mixed case. In an April 5, 2016, letter from the agency, it indicates that the only appeal rights available are to the MSPB. However, Plaintiff was advised the MSPB only deals with the termination part of the complaint and unless he is willing to abandon the remaining claims, he must file another complaint to include those issues. Plaintiff filed an additional complaint to cover those remaining issues which was included in 2016-26959-FRA-02 and discussed later. In addition, Plaintiff filed his appeal and two additional filings with the MSPB, but due to lack of personnel has caused all MSPB filing to be held in limbo resulting in no action. Thus, this count only deals with termination.

9

IV. Exhaustion of Federal Administrative Remedies

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct about April 9, 2015.

    B.    The Equal Employment Opportunity Commission

    Due to this being a mixed case, according to the agency, an appeal was not filed with the EEO but the MSPB.

        X    April 5, 2016, the agency issued a final decision letter advising the next step in the appeal process was to the MSPB. April 11, 2016, an appeal was filed with the MSPB without response.

    C.    Only litigates alleging age discrimination must answer this question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct

        X    60 days or more have elapsed

V.    Relief

    Count II        2015-26409-FRA-02

    Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as

well as punitive damages and compensatory damages.

III. Statement of Claim        COUNT III a--e

This particular count consists of 5 separate complaints that were filed separately and appealed to the OFO separately, however, the OFO chose to consolidate them resulting in them now being identified as 1 of the original claims 2014-25847-FRA-03, however, Plaintiff will attempt to address them separately and jointly. A March 28, 2007 Decision from OFO identifies 12 separate claims.

Count IIIa        2005-25847-FRA-02

It was the responsibility of Plaintiff to cover his assigned inspection territory by performing unannounced inspections of freight cars, locomotives, repair facilities/practices and any observed unsafe conditions which would be placed on official inspection reports and presented to the carrier. Of course, all agency managers could observe any inspection report entered into the data base by any inspector. Plaintiff began receiving discriminatory and harassing actions from his supervision which directed him to with hold any life threatening conditions discovered from the railroad which would jeopardize the safety and lives of the railroad employees and the general public. This harassing and threatening action caused Plaintiff to file a complaint.

11

A.   The discriminatory conduct of which I complain in this
     action includes:
     X     Unequal terms and conditions of my employment.

     X     Retaliation.

     X     Harassment.

     X     Other acts, Denial of my Constitutional rights and
           privileges.

B.   It is my best recollection that the alleged
     discriminatory acts occurred continual since filing my
     first complaint about 1992.

C.   I believe defendant(s)

     X     is/are still committing these acts against me.

D.   Defendant(s) discriminated against me based on my

     X     Reprisal

E.   The facts of case 25847 are as follows

           Initial contact was made with the EEO counselor about
April, 2014, followed by counseling and issuance of a Right to File
a Formal Complaint about August 2014.  Eventually an agency FAD was
issued and appealed to OFO which consolidated this claim with 4
additional claims (25858, 26036, 25465 and 26243) and issued a
Decision dated March 28, 2017.  They allege this claim (identified
as #1 of 12)should be part of the MSPB appeal.  An appeal is
pending before the MSPB.

IV.  Exhaustion of Federal Administrative Remedies
     A.   It is my best recollection that I filed a charge with the

Equal Employment Opportunity counselor regarding the defendant's alleged harassment, reprisal and terms/conditions of employment about April 2014

B.   The Equal Employment Opportunity Commission

X    has not issued a Notice of Right to Sue letter or has any response be received from the MSPB

V.   Relief

Count III a          2015-25847-FRA-02

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages.

COUNT III b          2014-25850-FRA-03

Plaintiff always kept management aware of his activities due to the submission of his work schedules prior to working them, copies of his inspection reports, assorted e mails and assorted communications.  After working the schedules he submitted, without these schedules being denied or altered by management, when the date came due for the time sheets to be submitted for payment, management denied these time sheets, travel vouchers or any document that would deny payment to Plaintiff for time worked, or travel expenses for performing his normal duties.

A.   The discriminatory conduct of which I complain in this action includes:

13

X      Unequal terms and conditions of my employment.

        X      Retaliation.

        X      Pay including overtime.

        X      Other acts, Denial of my Constitutional rights and
               privileges.

    B.    It is my best recollection that the alleged

          discriminatory acts occurred continual since filing my

          first complaint about 1992.

    C.    I believe defendant(s)

          X      is/are still committing these acts against me.

    D.    Defendant(s) discriminated against me based on my

          X      Reprisal

    E.    The facts of case 25850 are as follows

               Initial contact was made with the EEO counselor about

June 2014, followed by counseling and issuance of a Right to File

a Formal Complaint about August 2014. Eventually an agency FAD was

issued and appealed to OFO about February 2016, which consolidated

this claim with 4 additional claims and issued a Decision dated

March 28, 2017. In that Decision, the 4 issues in this complaint

(identified as #2, 3, 4 and 5 of 12) were vacated and remanded to

the agency. Currently, this complaint is pending a Decision from

OFO.

IV. Exhaustion of Federal Administrative Remedies

    A.    It is my best recollection that I filed a charge with the

14

Equal Employment Opportunity counselor regarding the defendant's actions about June 2014

B. The Equal Employment Opportunity Commission

    X    has not issued a Notice of Right to Sue letter as it is current pending before the OFO

V. Relief

Count III b        2015-25850-FRA-02

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages

COUNT IIIc        2014-26036-FRA-03

Due to a continual pattern of threats, intimidation and threats directed toward Plaintiff, he requested assistance to eliminate this conduct from mangers from the top down to receive no assistance. Plaintiff became aware that he was receiving documents containing contradictory allegations which were falsified. His forms submitted to Workers' Comp were falsified or thrown in the trash. He was asked to provide medical information but when he did so, it was rejected. In later affidavits, Plaintiff discovered the signature appearing on these documents was not the individual that had authored them. When Plaintiff replied to these documents, his reply did not go to the true author which

15

prevented him from presenting his side of the story.

A.   The discriminatory conduct of which I complain in this action includes:

   X   Failure to accommodate my disability.

   X   Unequal terms and conditions of my employment.

   X   Retaliation.

   X   Other acts, Denial of my Constitutional rights and privileges.

B.   It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.   I believe defendant(s)

   X   is/are still committing these acts against me.

D.   Defendant(s) discriminated against me based on my

   X   Disability or perceived disability

   X   Reprisal

E.   The facts of the case are as follows

According to the counselors report, the initial contact was about September 2014, with additional input up to November 2014. A formal complaint was filed about December 2014, followed by an agency correspondence dated February 5, 2015, advising of accepting at least 5 claims for investigation. A FAD was issued and an appeal was filed with the OFO about April 2016. In the OFO Decision dated March 28, 2017, it addressed each of the same 5

16

issues (identified as #6, 7, 8, 9, and 10) the agency accepted for investigation.

Currently, this complaint is before the OFO pending reconsideration.

IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on about September 2014

B.  The Equal Employment Opportunity Commission

X  has not issued a Notice of Right to Sue letter as an appeal is pending

V.  Relief

Count IIIc     2014-26036-FRA-03

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages.

COUNT IIId     2014-25465-FRA-03

While Plaintiff was performing his assigned duties, he became aware that not only was agency managers continually harassing him but now he discovered they were aiding and abetting other employees to spread a web of allegations which were untrue,  harassed and

17

defamed him and violated his privacy. Contact was made with the agency for assistance in stopping and eliminating this behavior but no assistance was provided.

A.  The discriminatory conduct of which I complain in this action includes:

  X   Unequal terms and conditions of my employment.

  X   Retaliation.

  X   Other acts, Denial of my Constitutional rights and privileges.

B.  It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.  I believe defendant(s)

  X   is/are still committing these acts against me.

D.  Defendant(s) discriminated against me based on my

  X   Age in excess of 60

  X   Reprisal

  X   Defamation

E.  The facts of the case are as follows

    After discovery of these facts, EEOC counselor was contacted about October 2013, which was followed by filing a formal complaint which was accepted by the agency in a February 11, 2014 notification. Eventually, Plaintiff filed an appeal with OFO about July 2014 resulting the OFO issuing a Decision March 28, 2017, which included this issue identified as # 11 of 12

18

IV.   Exhaustion of Federal Administrative Remedies

   A.   It is my best recollection that I filed a charge with the
        Equal Employment Opportunity counselor regarding the
        defendant's alleged discriminatory conduct on about
        October 2013.

   B.   The Equal Employment Opportunity Commission

        X    has not issued a Notice of Right to Sue letter or

   C.   Only litigates alleging age discrimination must answer
        this question.

        Since filing my charge of age discrimination with the
        Equal Employment Opportunity Commission regarding the
        defendant's alleged discriminatory conduct

        X    60 days or more have elapsed

                                                                    .

V.   Relief

     Claim IIId    2014-25465-FRA-03

     Plaintiff is due to all relief required to make him "whole"
to include full reinstatement in the DRA position in Vancouver,
Washington along with all benefits pursuant to 29 CFR 1614.501, as
well as punitive damages and compensatory damages.

                                                                    .

     COUNT IIIe       2015-26243-FRA-03

     While Plaintiff continually requested assistance from the
agency in terminating the harassment, threats and intimidation
directed toward him, he kept receiving communications authored by
"ghost" writes but signed by others as if they were the true

                                19

author.  Several of these threatening documents caused Plaintiff to sustain an on the job injury and be required to receive medical treatment.  The same is true with a document received dated January 13, 2015.  This threatening document was full of untrue allegations and was disrespectful to him and his parents while creating a hostile work environment and violence in the work place.  Plaintiff sought medical assistance and forwarded a Workers' Comp claim to the agency but later discovered it was among the ones that were falsified or simply thrown in the trash.

    A.    The discriminatory conduct of which I complain in this action includes:

        X     Unequal terms and conditions of my employment.

        X     Retaliation.

        X     Failure to accommodate my disability.

        X     Other acts, Denial of my Constitutional rights and privileges.

    B.    It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

    C.    I believe defendant(s)

        X     is/are still committing these acts against me.

    D.    Defendant(s) discriminated against me based on my

        X     Gender/sex Male

        X     Age in excess of 60

X    Disability or perceived disability

        E.   The facts of the case are as follows

        This issue was presented to the EEO counselor followed by the

right to file a formal complaint, accepted by the agency in a  May

14, 2015, correspondence.  An appeal to the OFO was filed about

April 2016 where it consolidated with 4 separate other complaints

where a Decision on March 28, 2017, was issued.

        This particular issue was identified as item #12 of 12 in that

Decision.

IV.  Exhaustion of Federal Administrative Remedies

        A.   It is my best recollection that I filed a charge with the
             Equal Employment Opportunity counselor regarding the
             defendant's alleged discriminatory conduct on about
             January 2015.

        B.   The Equal Employment Opportunity Commission

             X    has not issued a Notice of Right to Sue letter

        C.   Only litigates alleging age discrimination must answer
             this question.

             Since filing my charge of age discrimination with the
             Equal Employment Opportunity Commission regarding the
             defendant's alleged discriminatory conduct

             X    60 days or more have elapsed

V.   Relief

        COUNT IIIe    2015-26243-FRA-03

        Plaintiff is due to all relief required to make him "whole"

to include full reinstatement in the DRA position in Vancouver,

                                21

Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages.

COUNT IV        2014-25849-FRA-03

While Plaintiff performed routine inspections in his assigned inspection territory, he discovered a high number of defective equipment and locomotives that have just received some type of mechanical repairs.  Of course, this information was provided to his line of supervisors by up loading his inspection reports.  In addition, to his concern, he provided additional updates by continual e mails which informed management of these dangerous situations and requested assistance in eliminating them as these locomotives travel from coast to coast but no response was received which addressed the elimination of these life threatening and dangerous conditions.

The only communications received by Plaintiff were threatening, harassing and intimidating which was later leaned were written by "ghost" authors but sent by others.

Plaintiff notified management of the harassment causing his Tinnitus to increase to be ignored until he received an e mail which appeared to be written and sent by Haggard but later in a sworn affidavit from Haggard, he states that he never authored any document to Plaintiff, thus all the replies Plaintiff sent to management on the hearing issue was not read by the "ghost" authors

22

depriving Plaintiff of the ability to provide his side of the story.

A.  The discriminatory conduct of which I complain in this action includes:

    X    Failure to accommodate my disability.

    X    Unequal terms and conditions of my employment.

    X    Retaliation.

    X    Other acts, Denial of my Constitutional rights and privileges.

B.  It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.  I believe defendant(s)

    X    is/are still committing these acts against me.

D.  Defendant(s) discriminated against me based on my

    X    Disability or perceived disability Impaired hearing and limited motion

E.  The facts of the case are as follows

Plaintiff contacted EEO counselor about May 2014, seeking to file a claim for the ongoing discrimination being directed toward him.  Initial counseling was completed and the agency accepted the claim for investigating noting that, Complainant alleged a hostile work environment and a per se violation of the Rehabilitation Act claim and both will be investigated.  An agency FAD was issued and an appeal was made to the OFO.  Plaintiff is

23

still waiting for a response for his multiple Petitions for Enforcement from the OFO.

IV.  Exhaustion of Federal Administrative Remedies

    A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on about May 2014.

    B.  The Equal Employment Opportunity Commission

        X  has not issued a Notice of Right to Sue letter on Plaintiff's Petition for Enforcement

V.  Relief

`  Count IV      2014-25849-FRA-03

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages.

COUNT V      2015-26408-FRA-02

Because of being treated different from other employees and not receiving any assistance from management, contact was made with the EEO counselor by means of completing an Initial Contact Form about April, 2015.  In this form, it clearly indicates contact was made with management to advise of on the job injuries and request to be provided the required forms.  In addition, since the agency provided computer was in their office being serviced, a request was

24

made for forms stored in that computer to be ignored. These forms included forms that Plaintiff had completed and required completion by the agency before being forwarded to OWCP which had not been submitted. Other forms that had been submitted had the signature of Plaintiff forged. OWCP was unable to properly process many of the forms because of the actions of the agency.

    A.   The discriminatory conduct of which I complain in this action includes:

    X   Failure to accommodate my disability.

    X   Unequal terms and conditions of my employment.

    X   Retaliation.

    X   Other acts, Denial of my Constitutional rights and privileges.

B.   It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.   I believe defendant(s)

    X   is/are still committing these acts against me.

D.   Defendant(s) discriminated against me based on my

    X   Age in excess of 60

    X   Disability or perceived disability Impaired hearing and limited motion

    X   Reprisal

E.   The facts of the case are as follows

    Initial contact was made with the EEO counselor by

completing an Initial Contact Form dated April 9, 2015. By letter dated August 18, 2015, the agency advises they are in receipt of the formal complaint postmarked July 30, 2015. A counselors report was submitted August 7, 2015. Apparently, the agency attempted to comingle at least 3 separate complaints into a 1/12/16 single FAD but did not include the entirety of the issues included in 26408. This is supported by the agency adding a footnote advising of Plaintiff's letter making such notations. Plaintiff requested an EEO hearing but after almost 1 year without any response, withdrew the request and eventually filed an appeal May 28, 2019 with OFO. The agency objected and he replied to their filing to hear nothing from the OFO since that date.

IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct about April 2015

B.  The Equal Employment Opportunity Commission

X  has not issued a Notice of Right to Sue letter or have made any sign of response

C.  Only litigates alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct

X  60 days or more have elapsed

26

V.   Relief

    Count V       2015-26408-FRA-02

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, in addition to compensating him for each of his on the job injuries because they provided false, misleading or no information to OWCP as well as punitive damages and compensatory damages.

    COUNT VI       2015-26410-FRA-02

As time moved forward, Plaintiff noticed an increasing number of correspondences sent to him which were completely confusing and appeared to be written by someone with no knowledge of the facts which the correspondences attempted to discuss. Nevertheless, Plaintiff responded to each of them. Many times it took a week or ten days for him to receive a response to an e mail. Even when this response was received, it was still confusing with many of the alleged facts in error. Plaintiff wondered how these communications that were alleged composed and signed by managers could be so incorrect. As he continued with ongoing EEO complaints, he discovered the answer to his question in several affidavits that had be obtained from these managers in question. According to their affidavits, none of them authored any correspondence or evaluation or sent messages to Plaintiff but each of the documents were authored by others and they were only instructed to sign that

27

document and send it as if they were the true author.

In addition, management held weekly if not daily conference calls to discuss nothing but their planned actions toward terminating Plaintiff.

Therefore, that is why their messages were so off base because they never received Plaintiff's response depriving him of presenting his side of the story.

Plaintiff required documents contained in his agency issued computer which was now in their possession for presentation in ongoing EEO cases but the agency denied Plaintiff's request for those documents.

A.  The discriminatory conduct of which I complain in this action includes:

X    Failure to accommodate my disability.

X    Unequal terms and conditions of my employment.

X    Retaliation.

X    Other acts, Denial of my Constitutional rights and privileges.

B.  It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

C.  I believe defendant(s)

X    is/are still committing these acts against me.

D.  Defendant(s) discriminated against me based on my

X    Age in excess of 60

28

        X    Disability or perceived disability Impaired
              hearing and limited motion

        X    Reprisal

E.   The facts of the case are as follows

      Initial EEO counselor contact was made about May, 2015, and a Formal complaint file about July 30, 2015. An agency FAD was issued which dismissed the entire claim but it contained several footnotes regarding notations made by Plaintiff. An EEO hearing was requested but after almost 1 year of hearing nothing, that request was withdrawn and an appeal was filed with the OFO May 28, 2019. An additional filing with the OFO responded to the agency filing but as of this date the OFO has not responded to this complaint.

IV.  Exhaustion of Federal Administrative Remedies

    A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct about May 2015

    B.   The Equal Employment Opportunity Commission

        X    has not issued a Notice of Right to Sue letter or any other document in regard to this complaint

    C.   Only litigates alleging age discrimination must answer this question.

       Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct

        X    60 days or more have elapsed

V.  Relief

Count VI        2015-26410-FRA-02

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages for the intentional infliction of mental and emotional stress placed upon him for their hostile work environment. Plaintiff is also due relief for the agency refusing to provide documents which they knew were needed for him to prove his case in ongoing EEO complaints such a punitive and compensatory awards.

COUNT VII        2015-26411-FRA-02

Due to the amount of unnecessary pressure and stress the agency was putting on Plaintiff, he was required to seek medical treatment at the VA Medical Center and thru the agency Employee Assistance Program (EAP). A copy of each of the medical records generated by the VAMC and each of 2 separately assigned EAP counselors was provided to the agency. All of these diagnosis resulted in determining Plaintiff was suffering from PTSD among other diagnosis.

Plaintiff requested accommodation from a number of agency managers only to be ignored, refused and denied by all. In addition, the fact of this diagnosis was also provided to the agency in several EEO filing, thus, this diagnosis was known to a majority of the agency managers but still no one provided any

30

assistance.

    A.    The discriminatory conduct of which I complain in this action includes:

        X    Failure to accommodate my disability.

        X    Unequal terms and conditions of my employment.

        X    Retaliation.

        X    Other acts, Denial of my Constitutional rights and privileges.

    B.    It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

    C.    I believe defendant(s)

        X    is/are still committing these acts against me.

    D.    Defendant(s) discriminated against me based on my

        X    Age in excess of 60

        X    Disability or perceived disability Impaired hearing and limited motion

        X    Reprisal

    E.    The facts of the case are as follows

Due to the failure of agency to provide any accommodation or assistance, contact was made with the EEO counselor by completing an Initial Contact form dated about April, 2015. After the counseling, the right was given to file a formal complaint which was accepted for investigation and assigned to an investigator. As one would imagine, the agency dismissed the claim

31

at which time Plaintiff requested an EEO hearing but with the passage of time be in excess of 1 year and no response or hearing had been scheduled, Plaintiff withdrew his request. The agency then notified Plaintiff of his right to file an appeal with OFO. Plaintiff appealed the agency FAD to OFO in a filing dated May 28, 2019, and filed a reply to an agency filing dated July 15, 2019. Plaintiff has received no communication from the OFO regarding this claim.

IV.  Exhaustion of Federal Administrative Remedies

    A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct about April, 2015

    B.  The Equal Employment Opportunity Commission

        X  has not issued a Notice of Right to Sue letter or any documents regarding this claim

    C.  Only litigates alleging age discrimination must answer this question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct

        X  60 days or more have elapsed

V.  Relief

    Count VII    2015-26411-FRA-02

    Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver,

Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages for the intentional infliction of emotional suffering he was forced to endure and the willful rejection for his request for accommodation.

COUNT VIII            2014-25848-FRA-03

Because of the continual threatening behavior directed toward Plaintiff, he requested assistance from supervision to receive none. However, he continued to inform supervision of this retaliatory treatment by assorted e mails. He later discovered his chain of supervision alleged, in affidavits, that they did not author any correspondence to him but it was authored by others.

The threats, intimidation and workplace violence continued and was the subject of a March 18, 2014, memo from Joe Szabo, FRA Administrator. Several e-mails were sent to Szabo and the chain of supervision below him to receive no assistance even though, his mamo stated "Violence or threatening behavior in any form are unacceptable and will not be tolerated." This discriminatory behavior toward Plaintiff did not stop or decrease in severity.

A.   The discriminatory conduct of which I complain in this
     action includes:

     X     Unequal terms and conditions of my employment.

     X     Retaliation.

     X     Other acts, Denial of my Constitutional rights and
           privileges.

33

B.   It is my best recollection that the alleged
     discriminatory acts have been continual since filing my
     first complaint about 1992.

C.   I believe defendant(s)

     X    is/are still committing these acts against me.

D.   Defendant(s) discriminated against me based on my

     X    Reprisal

E.   The facts of the case are as follows

     Due to the failure of agency to provide any assistance,
contact was made with the EEO counselor by completing an Initial
Contact form dated about May, 2014.   After the counseling, the
right was given to file a formal complaint which was accepted for
investigation and assigned to an investigator. After dismissing the
complaint, the agency notified Plaintiff of his right to file an
appeal with OFO in a letter dated April 21, 2017.  Plaintiff
appealed to the OFO in a filing dated May 4, 2017, and filed a
reply to an agency filing dated June 15, 2017. OFO issued a
Decision dated June 5, 2018, which Plaintiff responded by filing a
Request for Reconsideration dated June 25, 2018 but has received no
further communication from the OFO regarding this claim.

IV.   Exhaustion of Federal Administrative Remedies

     A.   It is my best recollection that I filed a charge with the
          Equal Employment Opportunity counselor regarding the
          defendant's alleged discriminatory conduct about April,

34

2014

B.  The Equal Employment Opportunity Commission

    X    has not issued a Notice of Right to Sue letter or any documents regarding this claim since filing a Request for Reconsideration

C.  Only litigates alleging age discrimination must answer this question.

    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct

    X    60 days or more have elapsed

V.  Relief

    Count VIII         2014-25848-FRA-03

Plaintiff is due to all relief required to make him "whole" to include full reinstatement in the DRA position in Vancouver, Washington along with all benefits pursuant to 29 CFR 1614.501, as well as punitive damages and compensatory damages for the intentional infliction of emotional suffering he was forced to endure and the willful rejection for his request for accommodation.

COUNT IX        2016-26959-FRA-02

While Plaintiff attempted to perform his work as he had done previously for years, agency employees attempted to force him to abandon his employment because of their discriminatory motives. In an attempt to obtain assistance in eliminating this discriminatory treatment, e-mails were sent to agency managers without response. When a complaint was filed, the agency responded by letter dated

35

August 16, 2016, in which you identify the following claims:

    1.  Were you discriminated against based on your sex (male, age (9/13/1947), mental disabilities (PTSD;anxiety), physical disabilities (hearing loss) and/or in reprisal for our prior protection in protected activity when, during your tenure with the agency:
    a.  The agency failed to provide you with a reasonable accommodation for your disabilities:
    b.  You were harassed by management.

Part of these claims were part of complaint 26409, however, it also included the claim of Termination, causing the agency to advise that this instant complaint was a mixed case.

    A.  The discriminatory conduct of which I complain in this action includes:

        X    Failure to accommodate my disability.

        X    Unequal terms and conditions of my employment.

        X    Retaliation.

        X    Other acts, Denial of my Constitutional rights and privileges.

    B.  It is my best recollection that the alleged discriminatory acts have been continual since filing my first complaint about 1992.

    C.  I believe defendant(s)

        X    is/are still committing these acts against me.

    D.  Defendant(s) discriminated against me based on my

        X    Age in excess of 60

        X    Disability or perceived disability Impaired hearing and limited motion

36

X     Reprisal

        E.    The facts of the case are as follows

                The agency advised that due to containing a claim over
Termination, the claims other than Termination must be abandoned as
the MSPB would only hear issues regarding Termination and not the
other claims. In checking the accuracy of that statement proved it
correct and the additional claims would require being filed and
issued a separate complaint number.   About June 2016, initial
contact was made with the counselor with a Right to File a formal
complaint dated July 2016. The agency correspondence dated August
16, 2016, advised the formal complaint filed July 22, 2016, and
advised it is being dismissed and advised of any appeal options.
About August 16, 2016, an appeal was filed with OFO along with
filing an response to the agency filing.

                About February 7, 2017, OFO issued a Decision to which a
Request for Reconsideration was filed but has received no response
from OFO.

IV.  Exhaustion of Federal Administrative Remedies

        A.    It is my best recollection that I refiled a charge with
              the Equal Employment Opportunity counselor regarding the
              defendant's alleged discriminatory conduct about June
              2016

        B.    The Equal Employment Opportunity Commission

                        X     has not issued a Notice of Right to Sue letter or

                                      37

any documents regarding this claim

C.    Only litigates alleging age discrimination must answer
      this question.

      Since filing my charge of age discrimination with the
      Equal Employment Opportunity Commission regarding the
      defendant's alleged discriminatory conduct

      X    60 days or more have elapsed

V.    Relief

      Count IX        2016-26959-FRA-02

      Plaintiff is due to all relief required to make him "whole"

to include full reinstatement in the DRA position in Vancouver,

Washington along with all benefits pursuant to 29 CFR 1614.501, as

well  as  punitive  damages  and  compensatory  damages  for  the

intentional  infliction  of  emotional  suffering  he  was  forced  to

endure and the willful rejection for his request for accommodation.


VI. Certification and Closing

      Under Federal Rule of Civil Procedure 11, by signing below,
I certify to the best of my knowledge, information, and belief
that this complaint:(1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation;(2) is supported by
existing law or bay a nonfrivolous argument for extending,
modifying, or reversing existing law;(3) the factual contentions
have evidentiary support or, if specifically so identified, will
likely have evidentiary support after a reasonable opportunity
for further investigation or discovery; and (4) the complaint
otherwise complies with the requirements of Rule 11.

      A.    For Parties Without an Attorney

            I agree to provide the Clerk's Office with any changes
            to my address where case-related papers may be served.
            I understand that my failure to keep a current address
            on file with the Clerk's Office may result in the

38

dismissal of my case.

Date of signing: 12 / 01 / 2020

Signature of Plaintiff ~Donald Gryder~

Printed Name of Plaintiff    Donald Gryder

39